**FILED**

FEB **2 8** 2024

**U. S. DISTRICT COURT**
**EASTERN DISTRICT OF MO**
**ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| WILLIAM BURNS and | ) | **4:24-CR-00083-JAR/JMB** |
| RACHEL BURNS, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

## COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1.   Federal law defined the term:

(a)   "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

(b)   "sexually explicit conduct" to mean  actual or simulated

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-

anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the anus, genitals, or pubic area of any person

1

(18 U.S.C. § 2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6)).

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

2.      The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.      Between a date unknown, but no later than July 1, 2022, and up to and including the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**WILLIAM BURNS, and**
**RACHEL BURNS,**

the defendants herein, did knowingly conspire with one another to employ, use, persuade, induce, entice and coerce Victim 1, a minor, to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, and such depictions were produced

2

using materials that were mailed, shipped or transported in or affecting interstate or foreign commerce, by any means.

In violation of Title 18, United States Code, Section 2251(a) and 2251(e).

## COUNT II

The Grand Jury further charges that:

4.      The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5.      Between on or about July 1, 2022, and on or about July 2, 2022, in the Eastern District of Missouri and elsewhere,

### WILLIAM BURNS, and
### RACHEL BURNS,

the defendants herein, did knowingly employ, use, persuade, induce, entice and coerce Victim 1, a minor, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, specifically a video, when they knew and had reason to know that such visual depiction would be, and later was, transported by them in interstate commerce into the Eastern District of Missouri, and such depiction was produced using materials that were mailed, shipped or transported in or affecting interstate or foreign commerce, by any means.

In violation of Title 18, United States Code, § 2251(a) and Title 18, United States Code, Section 2.

## COUNT III

The Grand Jury further charges that:

6.      The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

3

7.     Between on or about July 1, 2022, and on or about July 2, 2022, in the Eastern District of Missouri and elsewhere,

**WILLIAM BURNS, and**
**RACHEL BURNS,**

the defendants herein, did knowingly employ, use, persuade, induce, entice and coerce Victim 1, a minor, to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, specifically photographs, when they knew and had reason to know that such visual depictions would be, and later were, transported by them in interstate commerce into the Eastern District of Missouri, and such depictions were produced using materials that were mailed, shipped or transported in or affecting interstate or foreign commerce, by any means.

In violation of Title 18, United States Code, § 2251(a) and Title 18, United States Code, Section 2.

## COUNT IV

The Grand Jury further charges that:

8.     The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

9.     Between on or between January 1, 2023, and on or about July 30, 2023, in the Eastern District of Missouri,

**WILLIAM BURNS, and**
**RACHEL BURNS,**

the defendants herein, did knowingly possess image files and video files of child pornography that had been mailed, shipped or transported using any means or facility of interstate and foreign commerce, including by computer, to wit: the defendants knowingly possessed image files and

4

video files of child pornography which were obtained via the internet, to include but not limited to images and videos of prepubescent children, under the age of twelve, engaged in acts of sexual intercourse and the lascivious display of their genitals.

In violation of Title 18, United States Code, § 2252A(a)(5)(B) and Title 18, United States Code, Section 2.

## COUNT V

The Grand Jury further charges that:

10.    The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

11.    On or about March 15, 2023, in the Eastern District of Missouri,

### WILLIAM BURNS,

the defendant herein, did knowingly employ, use, persuade, induce, entice and coerce Victim 1, a minor, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, specifically a video, and such depiction was produced using materials that were mailed, shipped or transported in or affecting interstate or foreign commerce, by any means.

In violation of Title 18, United States Code, § 2251(a).

5

FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(a) and 2252A(a)(5)(B), as set forth in Counts I through V of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.      Specific property subject to forfeiture includes, but is not limited to, the following:

      a.      HP laptop;

      b.      Toshiba laptop;

      c.      Sandisk USB drive;

      d.      WD external hard drive;

      e.      WD hard drive;

      f.      Samsung A146U cell phone; Serial R92W50H8D3M

      g.      Samsung A146U cell phone, Serial R92W50JWNPE

      h.      Black Samsung phone, IMEI 351499003032706

3.      If any of the property described above, as a result of any act or omission of the defendant:

6

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

MICHAEL K. HAYES, #61395 MO
Assistant United States Attorney

7