UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                         No. 4:24 CR 00083 JAR

WILLIAM BURNS,

Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Michael K. Hayes, Assistant United States Attorney for the District, and hereby recommends this Court sentence Defendant William Burns to four hundred eighty (480) months imprisonment. A 480-month sentence will be sufficient, but not greater than necessary, to achieve the sentencing objectives of Title 18, U.S.C. § 3553(a).

The Nature and Circumstances of the Offense and Defendant's History and Characteristics

This Court should first consider the "nature and circumstances of the offense and the history and characteristics of the defendant." Title 18, U.S.C. § 3553(a)(1). The nature and circumstances of the offense are sufficiently outlined in the plea agreement and in the Presentence Investigation Report (PSR) and require no further elaboration. A 480-month sentence would be justified on those facts alone.

Defendant's history and characteristics also weigh in favor of a 480-month sentence. Defendant experienced a troubled childhood that was riddled with incidents of abuse and neglect. (PSR at 20-21.) He found no stability during his young adulthood, and the details of that time in

his life remain somewhat unclear. In a span of roughly ten years (2001-2011) Defendant was convicted of nine misdemeanor crimes across three states (Missouri, Texas and Nevada). (PSR ¶¶ 77-84.) He was constantly on the move. (PSR ¶ 102.) He appears to have never maintained stable employment. (PSR ¶¶ 116-121.) He was in and out of multiple relationships, several of which produced children with whom Defendant either had no relationships or very strained relationships. (PSR ¶¶ 96-100.) In 2023, Defendant's oldest son, Jamie Andrew Warren, killed himself by jumping off a hotel roof. (PSR ¶ 96.) Mr. Warren had previously reported Defendant and Rachel Burns to law enforcement after seeing child pornography on a computer in their Franklin County home. *Id.* And, according to Defendant, Mr. Warren had been trying to gain legal custody of Defendant's youngest children, including Victim 1 of the Indictment, just before he took his own life. *Id.*

In 2017, at age 33, Defendant met M.A. (formerly M.P.), who was then 18 years old. (M.A. Victim Impact Statement, Government's Exhibit 1.) They met in rehab, and Defendant preached the Bible to her. *Id.* Defendant convinced M.A. to move away with him. *Id.* He told her to throw her phone out the window so she could get a "fresh start." She did what she was told. *Id.* What followed for M.A. was a series of horrors that haunt her to this day. Defendant physically and sexually abused M.A. *Id.* Defendant showed M.A. a video of an infant being raped. *Id.* When M.A. told Defendant she didn't like what he showed her, Defendant "got angry, he grabbed [her] neck and smacked [her]." *Id.* Defendant told M.A. that he wanted to have children with her, and that he would have sex with their children. *Id.* M.A. remembers the exact day she escaped William Burns: September 23, 2017. *Id.* When M.A. learned of Defendant's arrest in 2023, she reached out to the University City Police Department to share her story. M.A. plans on traveling from out of state to attend Defendant's sentencing hearing.

<u>The Need for the Sentence to Provide Just Punishment for the Offense and to Protect the Public</u>

Pursuant to § 3553(a)(2)(A) and § 3553(a)(2)(C), this Court's sentence should "provide just punishment for the offense" and "protect the public from further crimes of the defendant."

There is no overstating the seriousness of Defendant's offense, and the kind of punishment it merits. Defendant and his wife sexually abused a baby. They taught the baby to touch herself with a sex device. Defendant produced and distributed Child Sexual Abuse Material (CSAM) of that baby. He tried to kidnap and sexually abuse an 11-year-old girl. He possessed thousands of image and video files of children being sexually abused. He possessed a silicon doll made to resemble a prepubescent child, which bore marks of penetration and bondage:



William Burns deserves punishment, not just for its utilitarian value, but for its own sake. These kinds of crimes cry out for retribution. On top of that, William Burns remains a dangerous person, and every day he spends in prison is a day he cannot abuse women and children. His

dysfunction is profound; he will remain dangerous well into old age. A 480-month sentence is necessary – and not a day longer than necessary - to protect the public.

WHEREFORE, the United States respectfully recommends this Court sentence Defendant to 480 months in the Federal Bureau of Prisons, to be followed by a Life term of supervised release.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Michael K. Hayes*
Michael K. Hayes #61395 (MO)
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Kathryn Parish, Attorney for Defendant.

/s/ *Michael K. Hayes*
MICHAEL K. HAYES #61395(MO)
Assistant United States Attorney