UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.  4:24 CR 083 JAR |
| v. | ) | |
| | ) | |
| WILLIAM BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Comes now counsel for Defendant and submits the following as an aid in the sentencing

determination:

## I.  <u>United States Sentencing Guidelines: Specific Offense Characteristics</u>

The Plea Agreement and the Presentence Report both correctly calculate all of the

necessary specific offense characteristics under U.S.S.G. § 2G2.2.  However, as to Count IV, the

two level enhancement required by U.S.S.G. § 2G2.2(b)(6), because the offense involved the use

of a computer or an interactive computer service, applies in almost every child pornography case.

This enhancement was ostensibly meant by Congress to target mass producers and manufacturers

of child pornography images along with those who profit from the manufacturing/distribution of

these images.  Mr. Burns is not a mass producer of child pornography.

## II. <u>§ 3553(a) Factors and Other Variance Issues</u>

Title 18 U.S.C. §3553(a) requires the Court to impose a sentence "sufficient, but not

greater than necessary" to comply with the various purposes set forth in the section.  The Court

1

also must consider a number of different factors in determining an appropriate sentence, several of which are discussed in detail below.


**A.     Nature and Circumstances of the Offense and Characteristics of Defendant**

Title 18 U.S.C. § 3553(a)(1) takes into account the nature and circumstances of the offense together with the history and characteristics of the Defendant.

***Childhood Trauma***

Burns was taken away from his mother by the Missouri Department of Family Services at the age of six. The Missouri Department of Family Services became involved because Burns' mother had the condition Munchausen by Proxy, which is a mental condition where illnesses are fabricated and treatment is sought for someone else despite no illness actually existing. Burns' mother sought multiple care and treatments for William for fictitious illness and conditions. Burns and his sister, Christina Burns, then spent 1991-1993 in foster care, prior to their biological father taking custody of them.

While in foster care, Burns experienced repeated physical abuse at the hands of another child in the foster care household. Defendant was also sexually abused by multiple individuals starting at the age of three when he was in his mother's care. At six or seven years old Burns was sexually abused on three separate occasions by two of his cousins. Between the ages of eleven and thirteen, Burns was sexually abused by two boys who lived in his neighborhood. The abuse took place about once a month during that two year time span.


***Mental Health***

Burns was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and Tourette Syndrome as a young child. While in custody, Burns has been diagnosed with depression and anxiety. Burns has been admitted to Children's Hospital and DePaul hospitals and hospitalized for a few weeks for behavioral problems and an attempted suicide, but has never been diagnosed with any other mental illness.

### *Substance Abuse*

One unfortunate issue that has come up in Burns' life has been his use of controlled substances; specifically marijuana and crack cocaine. He is requesting that this Court recommend to the Bureau of Prisons that he be placed in the Residential Drug Abuse Program so that he might benefit from such treatment.  (See PSR, paragraph #109)

### *Nature of the Offense*

The offense conduct in this case was accurately covered in Paragraphs 17 through 27 of the PSR.

## B.  The Imposed Sentence Should Accomplish the Proper Goals

Next, §3553(a)(2) considers the need for the sentence imposed to

(A)     reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

(B)     afford adequate deterrence to criminal conduct;

(C)     protect the public from further crimes of the defendant; and

3

(D)     provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

***Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for this Offense.***

Mr. Burns admits that these are serious offenses with serious consequences. However, the reality of the situation is that he is going to actually serve at least 85% of whatever this Court deems the appropriate sentence. He will also be on mandatory supervised release for a term of at least five years up to life. Any sentence within the recommendations laid out in the plea agreement represents a significant sentence, and will certainly reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for these offenses.

***Afford Adequate Deterrence to Criminal Conduct***

A sentence that is sufficient, but not greater than necessary, would provide adequate deterrence to Mr. Burns. The conditions on the period of supervised release themselves are quite punitive. These include limits and restrictions on his access to computers, counseling and rehabilitative services, and accountability through the probation office and his home life. As a condition of his supervision, he will be limited in his access to children as well as the Internet. Also, he will be required to register as a sex offender. He will be limited in where he can live, as he will not be permitted to live within a certain distance from schools or daycares. He will not be permitted to work around children. He will be required to continue mental health treatment and counseling.

4

Regardless of the Court's sentence, Mr. Burns will have to register as a sex offender for the rest of his life and will be scrutinized by the community accordingly.  See R.S.Mo. § 589.400(7). Mr. Burns will be branded as a sex offender and have to post his picture, address, work address, and types of vehicles he drives on the offenders' web-site.  The sex offender registration requirement is not just a side effect to a plea of guilty but has become a ball and chain that follows the offender even after he has paid his debt to society.  Mr. Burns will constantly be reminded of his transgressions every time he registers for the rest of his life.  He will be punished and forced to think about this case every time he registers.  Registering as a sex offender is a punishment that defense counsel submits the Court should take into consideration when determining the appropriate sentence in this case.

## C.      Conclusion

Mr. Burns encourages this Court to consider the plea agreement, his traumatic childhood, and his mental health issues when crafting a sentence sufficient, but not greater than necessary in this case. Burns also asks the Court to recommend to the Bureau of Prisons placement in RDAP, and vocational training in sales, legal studies, and business.

Respectfully submitted,

THE LAW OFFICE OF JASON A. KORNER

By: _/s/ Jason A. Korner_____
JASON A. KORNER (#58495MO)
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 409-2659
Fax:    (314) 863-5335
jasonkorner@kornerlaw.com

5

Attorney for Defendant

Certificate of Service

The undersigned hereby certifies that on this 2nd day of September, 2025, a true and accurate copy of the foregoing was served on all parties of record via the Court's electronic filing system.

*/s/ Jason A. Korner*_____